UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

NANCY SMITH,  )
    *Plaintiff*,  )
  )
v.  )    No. 1:21-cv-00190-CLC-CHS
  )
MARK WHITE, *et al.*  )
    *Defendants*.  )

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff Nancy Smith, pro se, moves to proceed *in forma pauperis* in this action. [Doc. 2]. This Court has the responsibility to screen all actions filed by plaintiffs—including non-prisoners who seek *in forma pauperis* status—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

### II. Background

Plaintiff brings a *Bivens* action and claims under 42 U.S.C. § 1983 alleging she was subjected to excessive force, unreasonable search and seizure, and denial of due process in violation of the Fourth and Fourteenth Amendments of the United States Constitution during events which took place in Walker County, Georgia, in March 2021. She also brings claims under 42 U.S.C. §3631 and § 14141 for these same events. Plaintiff has sued Mark Smith, a member of the Lookout Mountain Drug Task Force; the Lookout Mountain Drug Task Force; the "Lafayette, Georgia Police;" and an unnamed "Magistrate" in Lafayette, Georgia. All Defendants reside in Walker County, Georgia. At the time she filed this action, Plaintiff resided in Lafayette, Georgia, located in Walker County.

### III. Discussion

When conducting a screening pursuant to 28 U.S.C. § 1915(e)(2), it is appropriate for the Court to consider whether it has personal jurisdiction over the defendants in the action and whether venue is proper. *See e.g., Bordages v. Thorne*, No. 2:19-cv-02353-JTF-dkv, 2020 WL 587651 (W.D. Tenn. Feb. 2, 2020); *Woody v. United States*, No. 17-121-HRW, 2017 WL 5181112, *2 (Nov. 8, 2017 E.D. Ky); *Moore v. Lynch*, No. 84-6040, 793 F.2d 1292, *1 (6th Cir. May 2, 1986) (unpublished). Pursuant to a § 1915 screening, a court may dismiss an action without prejudice if it has no personal jurisdiction over the defendant. *See id.* The *Moore* Court dismissed an action as "frivolous" pursuant to § 1915 where it lacked personal jurisdiction over the defendant. *Moore*, 793 F.2d 1292, *1. In the instant case, Plaintiff has pleaded no facts which would show Defendants have any contact with Tennessee. Therefore, this Court concludes that it has no basis to exercise personal jurisdiction over Defendants. The Court will recommend dismissal without prejudice.

Pursuant to the § 1915 screening, another basis exists to dismiss this action without prejudice: improper venue. "A court may dismiss on venue grounds under § 1915 when improper venue is obvious from the face of the complaint and no further factual record is required to be developed." *Thorne*, 2020 WL 587651 at * 3 (citation cleaned up); *Woody*, 2017 WL 5181112 at *2; *Moore v. Caruso*, No. 2:10-cv-13051, 2010 WL 3393861 (E.D. Mich. Aug. 26, 2010); *see also* 28 U.S.C. § 1406(a) (If venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Because the Defendants in this action do not reside in this district and none of the events giving rise to this action occurred in this district, venue in this Court is improper. *See* 28 U.S.C. § 1391.

IV. **Conclusion**

For the reasons stated herein, it is **RECOMMENDED** that:

1. The motion to proceed *in form pauperis* be **DENIED** as moot;

2. This action be **DISMISSED** without prejudice as frivolous for lack of personal jurisdiction and improper venue *or, in the alternative*,

3. This action be **TRANSFERRED** to the United States District Court for the Northern District of Georgia where the events giving rise to this action occurred and the Defendants reside.[1]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).